UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOUG MOREAU,          ) | |
|                                       ) | |
|       Plaintiff,           ) | 3:10-CV-0795-LRH-VPC |
|                                       ) | |
| v.                                 ) | |
|                                       ) | ORDER |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC; et al., ) | |
|                                       ) | |
|       Defendants.      ) | |

      Before the court is defendants Sierra Pacific Mortgage Company, Inc. and Greenhead Investments, Inc.'s (collectively "moving defendants") motion to quash service of process. Doc. #18.[1] Plaintiff Doug Moreau ("Moreau") filed an opposition and request for leave to properly serve defendants. Doc. #19.

      This action stems from the allegedly wrongful foreclosure of Moreau's property by defendants. Moreau filed a complaint in state court. *See* Doc. #1, Exhibit A. Along with his complaint, Moreau had the state court issue state court summons to serve upon defendants. After the first defendant was served, this action was removed to this court on the basis of diversity jurisdiction. After removal, Moreau proceeded to serve the remaining defendants with the state court summons. Thereafter, moving defendants, who were served with state court summons after

---

[1] Refers to the court's docket number.

removal, filed the present motion to quash service. Doc. #18.

Under 28 U.S.C. § 1448, if service of process was not perfected against a defendant prior to removal, the plaintiff must perfect service in the same manner as a case originally filed in federal district court. Service in federal court requires a federal summons. *See* FED. R. CIV. P. 4.

Here, moving defendants were not served with federal summons. Thus, service of process against moving defendants was improper. However, the court finds that there is good cause to allow Moreau to have federal summons issued and serve the same upon all defendants because defendants were served with state court summons and have notice of the pending action against them. Therefore, the court shall deny moving defendants motion to quash and grant Moreau thirty (30) days to effectuate proper service upon defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that defendants' motion to quash (Doc. #18) is DENIED.

IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days after entry of this order to effectuate service upon defendants in accordance with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED this 6th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE